# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RYAN CARTER, etc., et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0351-WS-M |
| | ) |
| **SHARON VANCE, etc., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

The plaintiffs in this personal injury action are a minor ("A.C."), suing by his father and next friend ("Ryan"), and Ryan individually. In December 2021, the plaintiffs and the remaining defendants[1] filed a notice of settlement, which contemplated the filing of a motion to dismiss upon disbursement of the settlement proceeds. (Doc. 58). Even though one of the plaintiffs is a minor, the parties did not request a *pro ami* hearing. The Court therefore inquired "how – if at all – they wish for the minor child aspects of this settlement to be addressed by this Court." (Doc. 59). The parties responded with a one-sentence request for a *pro ami* hearing and a one-sentence request for appointment of a guardian *ad litem*. (Doc. 60). The Court granted the deemed motion for a hearing but denied the deemed motion for appointment for failure to demonstrate that such appointment is required by Rule 17(c). (Doc. 61).

The Court conducted the *pro ami* hearing on January 20, 2022.[2] The Court heard from counsel for each party and from Ryan.[3] The Court received

---

[1] Defendant Phoenix V Association, Inc. was previously dismissed. (Docs. 36, 37).

[2] All attendees, at their request, (Doc. 60), participated remotely by video or audio rather than in person.

[3] The Court did not require Ryan's presence at the hearing, and the parties did not request that Ryan be sworn in.

information regarding the underlying incident, the basis of liability, and the damages suffered by A.C.  In particular, the Court was advised that Ryan has concluded his medical treatment, that "he is getting along great," and that his only residual is "some issues bending his [big] toe," which "he's been able to overcome."

The Court was presented in advance of the hearing with documentation of the parties' settlements, (Docs. 62, 64), which it has reviewed.  The Court inquired about the distribution of the settlement funds, since the parties settled both plaintiffs' claims for a single lump sum, without specification of the amount or percentage going to A.C.  Plaintiff's counsel advised that attorney's fees and expenses are to be deducted from the gross settlement amount, that expenses are approximately $6,000, and that attorney's fees are one-third, although he is "going to work that down to some extent" to "try to get as much of that into [the minor's] pocket as possible."  Counsel and Ryan confirmed that "the balance of that sum [after fees and expenses] would be used … for the care and support of the minor child" and that this balance would "be placed in an account for his benefit down the road."

After reviewing the file and hearing from counsel and Ryan, the Court concludes that the settlement is in the best interest of the minor.  This determination is dependent on the accuracy of the representations made to the Court in the file and at the hearing, including without limitation: the uncertainty of liability; the degree of A.C.'s injury; the extent of medical treatment he required; the successful completion of all such treatment; the limited physical and practical scope of any residuals of his injury; that expenses will not exceed approximately $6,000; that attorney's fees will fall below one-third; that the entire settlement amount after attorney's fees and expenses will go for the benefit of A.C; and that such sums will be placed in a special account and expended exclusively for the benefit of A.C.

For the reasons set forth above, the parties' "motion for approval," (Doc. 60), is **granted**.  The parties are **ordered** to file, on or before **February 21, 2022**, appropriate papers to conclude this litigation.

DONE and ORDERED this 20th day of January, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
